UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF CENAC TOWING CO., LLC             CIVIL ACTION

                                                   NO. 21-1349

                                                   SECTION "F"

ORDER & REASONS

Before the Court is a renewed motion to lift stay filed by claimants William Berard and Jacqueline Berard. For the following reasons, the motion is GRANTED.

**Background**

William Berard was allegedly exposed to benzene while in the employ of various marine companies. He developed and eventually died from multiple myeloma, which his Estate blames on those exposures. Jacqueline Berard, as administrator of his Estate, filed state court lawsuits against the relevant companies. In reliance on the Limitation of Liability Act, those companies filed limitation actions in the Eastern District of Louisiana and the cases were consolidated in this Court. This Court entered a stay in this case as to all related claims against the shipowner and required all claimants to assert their claims by August 30.[1] In

---

[1] Due to the impact of Hurricane Ida, the Chief Judge of the Eastern District of Louisiana issued General Order No. 21-12. The order

1

all, there are now ten parties to this case, namely: Kirby Inland Marine, LP; Florida Marine, LLC; PBC Management, LLC; Florida Marine Transporters, LLC; Cenac Towing Co., LLC; Citgo Petroleum Corporation; Jacqueline Berard (as execurtrix of the estate of William Berard); Shell Chemical LP; Shell Oil Company; and Murphy Oil USA Inc.  The Berard Estate filed an initial motion to lift stay early in this case's history; that motion was denied without prejudice as several parties with potentially viable claims remained in the case.

Mr. Berard's Estate settled with all parties save those affiliated with Florida Marine,[2] and each of the settling parties filed motions to remove their claims from the case.  Now, the Estate has renewed its motion to lift stay in this Court and asks the Court to allow their state court claims to proceed.

**Analysis**

As the Berard Estate correctly notes, state court proceedings against a shipowner who has filed a limitation claim in federal court are typically stayed pending the outcome of the limitation claim and all claims subject to limitation are enjoined from being brought in any other court.  See F.R.C.P. F(3), see also Magnolia

---

suspended all pending deadlines as of August 26th by thirty days. As such, the deadline for claimants to assert their claims in this case became September 25, 2021.
[2] Namely, Florida Marine, LLC, Florida Marine Transporters, LLC, and PBC Management, LLC; the Court refers to them collectively as Florida Marine.

Marine Transport Co. v. Laplace Towing Corp., 964 F.2d 1571, 1575 (5 Cir. 1992). However, the Estate notes that there are two circumstances in which courts have permitted the lifting of injunctions. As the Supreme Court has held, "[c]laimants generally have been permitted to proceed with their claims in state court where there is only a single claimant, see Langnes v. Green, 282 U.S. 531 [1931], or where the total claims do not exceed the value of the limitation fund, see Lake Tankers Corp. v. Henn, 354 U.S. 147 [1957]." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 440 (2001). The Berard Estate contends that it is the only claimant in this action and stipulates that it will not pursue recovery in excess of the value determined in this Court's limitation action. Therefore, the Estate submits that the Court should lift its stay and allow the state court proceedings to continue as scheduled.

The Fifth Circuit has made clear that "[i]n order for claims to proceed in state court after an exoneration or limitation action has been filed in federal court, *all claimants* must sign a stipulation protecting the vessel owner's rights under the Limitation Act." In re ADM/Growmark River Sys., Inc., 234 F.3d 881, 885-886 (5 Cir. 2000) (emphasis in original, citations omitted). The Fifth Circuit has also held that "if the stipulations cover all potential claimants … then the stay should be lifted." Tidewater Marine Inc. v. Stelly, 249 F.3d 342, 345 (5

3

Cir. 2021) (internal quotes and citation omitted). Because the various settlements and motions removed the bulk of the parties in this case, the Court finds that the Berard Estate is the only remaining claimant in this case and that its stipulations are sufficient to protect Florida Marine's rights under the Limitation Act.[3]  Therefore, the Court will lift the stay and allow the Berard Estate to proceed simultaneously with litigation in state court while the limitation action here continues forward.

## Conclusion

Because the Berard Estate has now shown that all claimants have agreed to appropriate stipulations, this Court will lift the stay in this case.  Therefore, IT IS ORDERED: that the motion to lift stay is GRANTED.

New Orleans, Louisiana, January 12, 2022

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] While Florida Marine filed a nominal opposition to this motion, it states that it "does not formally oppose" the motion, as it too is apparently satisfied that the stipulations filed by the Berard Estate are sufficient.

4